# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO
_____

QUALITY FIRST ROOFING, INC.,

      Plaintiff,

      v.                                 Case No. 2:21-cv-00110-KWR-GJF

HDI GLOBAL SPECIALITY SE, and
NORTH AMERICAN RISK SERVICES, INC.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Remand to State Court **(Doc. 4)**. Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiff's Motion is well taken and, therefore, is **GRANTED.** This case is remanded back to the Fifth Judicial District Court, Eddy Count, State of New Mexico.

## BACKGROUND

This case involves an insurance coverage dispute. Plaintiff Quality First Roofing, Inc. argues that its insurers, the Defendants, acted in bad faith in denying coverage on the underlying construction dispute.

Plaintiff filed this case on December 22, 2020 in New Mexico's Fifth Judicial District Court. Plaintiff served Defendant NARS on January 21, 2021. Plaintiff then served Defendant HGS through the New Mexico Office of the Superintendent of Insurance pursuant to NMSA § 59A-4-31 and -32. The State of New Mexico Office of Superintendent of Insurance accepted service on HGS's behalf on January 29, 2021. **Doc. 4-1.** HGS received a copy of the complaint

and summons from the Superintendent of Insurance on February 5, 2021. The Superintendent certified that the summons and complaint was served on HGS on January 29, 2021 and received by HGS on February 5, 2021. **Doc. 17-1, Ex. 2**

Defendant NARS removed this case on February 11, 2021, asserting diversity jurisdiction under 28 U.S.C. § 1332(a). In a footnote in the notice of removal, Defendant NARS noted that Defendant HGS had not been served and its consent was not required but "if and when served, HGS consents to removal to federal court." **Doc. 1 at 6 n. 2.**

## LEGAL STANDARDS

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A notice of removal must be filed within thirty days after receipt by the defendant of a copy of a pleading or other paper from which it may first be ascertained that the case is one which is removable. 28 U.S.C. § 1446(b). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). A notice of removal must be filed within thirty days after receipt of service by the removing defendant. *See* 28 U.S.C. §§ 1446(b)(1) and 1446(b)(2)(B).

"The failure of one defendant to join in [or consent to] the notice renders the removal notice procedurally defective, which requires that the district court remand the case." *Brady v. Lovelace Health Plan*, 504 F.Supp.2d 1170, 1172–73 (D.N.M.2007) (quoting *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981)). This rule is commonly known as the "unanimity rule." *See Brady*, 504 F.Supp at 1173.

The Court follows the "last-served rule" pursuant to § 1446(b)(2)(C) where "the clock begins running on each defendant to either remove a case or join a removal petition when that defendant receives formal service of process." *Sawyer v. USAA Ins. Co.*, 839 F. Supp. 2d 1189, 1208 (D.N.M. 2012); *Lucero v. Ortiz*, 163 F. Supp. 3d 920, 931 (D.N.M. 2015) ("The last-served rule provides that each defendant has a right to remove within thirty days of service."). A defendant's consent to removal is not necessary where he or she has not been served at the time another defendant filed its notice of removal. *See Sheldon v. Khanal*, 502 Fed.Appx. 765 (10th Cir. 2012).

Federal courts are courts of limited jurisdiction; thus, there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1095 (10th Cir. 2005) (quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *United States ex rel. King v. Hillcrest Health Ctr.*, 264 F.3d 1271, 1280 (10th Cir. 2001)). "All doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

## DISCUSSION

Plaintiff seeks to remand this case back to the Fifth Judicial District Court, Eddy County, State of New Mexico because Defendants failed to timely and unanimously consent to removal pursuant to 28 U.S.C. § 1446(b)(2)(A). Defendant NARS argues that remand is not appropriate because (1) Defendant HGS was not served and its consent was not required until April 1, 2021,

or (2) Defendant HGS's consent was noted in a footnote in the notice of removal. The Court rejects these arguments, concluding that Defendant HGS was served on February 5, 2021 and therefore its consent was due by March 8, 2021. Because Defendant HGS was properly served but failed to timely give consent to removal pursuant to 28 U.S.C. § 1446(b)(2)(A), the Court will remand this case pursuant to 28 U.S.C. § 1447(c) to the Fifth Judicial District Court, Eddy County, State of New Mexico.

I. **Defendants failed to give timely unanimous consent pursuant to 28 U.S.C. § 1446(b)(2)(A).**

Section 1446(b)(2)(A) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." The "lack of unanimity is a procedural defect clearly established by statute as precluding removal." *Harvey v. UTE Indian Tribe of the Uintah & Ouray Rsrv.*, 797 F.3d 800, 805 (10th Cir. 2015). The Tenth Circuit has held that "[t]he failure to comply with these express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand." *Huffman v. Saul Holdings Ltd. P'shp,* 194 F.3d 1072, 1077 (10th Cir.1999) (quotation omitted). Section 1446(b)(2)(B) and (C) provide:

> (B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.
> (C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

28 U.S.C. § 1446(b)(2)(B) and (C).

The Court does not read this language as providing served defendants an open-ended time frame to consent. Rather, "the Court reads…the structure of 28 U.S.C. § 1446(b)[] to stand for the proposition that when there are multiple defendants, all served defendants must consent to removal within thirty days from when the last defendant was served." *Zambrano v. New Mexico Corr.*

*Dep't*, 256 F. Supp. 3d 1179, 1184 (D.N.M. 2017), *citing Hurt v. D.C.*, 869 F.Supp.2d 84, 86 (D.D.C. 2012) ("Nonetheless, removal to federal court additionally requires a timely demonstration of consent from *all* served defendants within thirty days of service of the complaint, under the widely recognized "rule of unanimity."). The Court notes that Defendants cite *Zambrano* and agree that all served defendants must consent to removal within thirty days from when the last defendant was served. **Doc. 9 at 2.**

This interpretation of § 1446(b) is consistent with other cases in this district and elsewhere which have held that defendants must consent to removal within the 30-day removal period of the last-served defendant. *Zambrano v. New Mexico Corr. Dep't*, 256 F. Supp. 3d 1179, 1186 (D.N.M. June 1, 2017) (Johnson, J.) ("The Court finds unanimous consent was required by April 26, 2017, which was thirty days after the last Defendants were served. Defendant Hohman did not consent to removal until two days after this thirty-day window ... Defendant Hohman did not timely give consent to removal and, therefore, removal is procedurally defective."); *Alston v. Wells Fargo Bank, Nat'l Ass'n*, No. CV TDC-17-1085, 2017 WL 2839629, at *2 (D. Md. June 29, 2017) ("Section 1446(b)(2)(C), however, does not explicitly impose a timing requirement for obtaining the consent of co-defendants to remove. LPS reads this omission as implying an open-ended deadline for satisfying the unanimity requirement. But this reading chafes against the language in the broader statute, which suggests that the deadlines to remove and to secure consent are the same."); *see also A. N. v. Target Corp.*, No. CV2011380PARAOX, 2021 WL 53169, at *2 (C.D. Cal. Jan. 5, 2021) ("Consent to Removal was filed well outside the 30-day removal period that began running when the last defendant was served with the Summons and Complaint."), *citing Sotelo v. Browning-Ferris Indus. of Cal., Inc.*, 2020 WL 7042816, 2020 U.S. Dist. LEXIS 224665, at *10-11 (C.D. Cal. Nov. 30, 2020) ("Here, Piste, the last-served defendant, filed a joinder to

Defendants' notice of removal on September 8, 2020. This was outside the 30-day removal period, which began running when Piste was served on July 6, 2020."); *Lopez v. Michael Weinig, Inc.*, 2020 WL 4192260, 2020 U.S. Dist. LEXIS 128501 (C.D. Cal. July 17, 2020) (collecting cases); *Lewis v. HSBC Bank USA, N.A.*, No. CV 17-00234 DKW-KSC, 2017 WL 3671279, at *8 (D. Haw. Aug. 25, 2017), *report and recommendation adopted*, No. CV 17-00234 DKW-KSC, 2017 WL 4019416 (D. Haw. Sept. 12, 2017) ("Because Martin and Jensen were served on May 7, 2017, their removal window closed on June 6, 2017. Accordingly, HSBC's consent had to be filed by June 6, 2017."); *Rouege Trucking, LLC v. Canales*, No. CIV.A. 14-304-JJB, 2015 WL 127870, at *4 (M.D. La. Jan. 7, 2015) (holding that a consent to removal filed by an earlier-served defendant was timely because it was within 30 days of the service of the last-served defendant); *Gibbs v. Ocwen Loan Servicing*, LLC, No. 3:14-CV-1153-M-BN, 2014 WL 2767206, at *2 (N.D. Tex. June 18, 2014) (holding that consent to removal under § 1446(b)(2)(C) must be filed within the later-served defendant's thirty-day removal period); *Perez v. Bank of Am., N.A.*, No. EP-13-CV-285-KC, 2013 WL 5970405, at *5 (W.D. Tex. Nov. 7, 2013) ("'[E]arlier-served defendants [may] join in removal by later-served defendants who remove within their own individual statutory thirty-day removal period' established by 28 U.S.C. § 1446(b).") (quotations and citation omitted).

Here, Defendant NARS was served on January 21, 2021 while Defendant HGS was served on February 5, 2021.  Defendant NARS removed this case on February 11, 2021, and Defendant HGS' deadline to consent to removal was March 8, 2021, thirty days after it was served.  However, Defendant HGS did not file a notice of consent until March 15, 2021.  The Court concludes that this notice of consent was untimely as it was more than 30 days after Defendant HGS, the last-served Defendant, received service.

## II.    **Defendants' arguments are unavailing.**

Defendants argue that there was timely unanimous consent pursuant to § 1446(b) because (1) Defendant HGS was not served until March 2, 2021 and therefore could consent by April 1, 2021, and (2) Defendant HGS consented in the notice of removal.  The Court rejects Defendants' arguments.

A. **Defendant HGS was properly served on February 5, 2021.**

Defendants argue that Defendant HGS was not served until March 2, 2021 and therefore need not have consented until April 1, 2021.   The Court agrees that only properly served Defendants need join or consent to removal.  **Doc. 9 at 2-3.**   However, as Plaintiff argues, Defendant HGS was properly served on February 5, 2021 and was required to consent by March 8, 2021.

New Mexico allows insurers to be served through the procedure set forth in NMSA §§ 59A-5-31 and 32.  That statute provides that "[b]efore the superintendent authorizes it to transact insurance in this state, each insurer shall appoint the superintendent and his successors in office as its attorney to receive service of legal process issued against the insurer in this state."  N.M. Stat. Ann. § 59A-5-31(A).   "The appointment shall be irrevocable, shall bind the insurer and any successor in interest to the assets or liabilities of the insurer, and shall remain in effect as long as there exists any contract of the insurer in this state or any obligation of the insurer arising out of its transactions in this state."  N.M. Stat. Ann. § 59A-5-31(B).  Defendants do not argue that NMSA § 59A-5-31 does not apply here or explain why it does not apply.

Plaintiff established as follows.  Plaintiff served Defendant HGS through the New Mexico Office of the Superintendent of Insurance pursuant to NMSA § 59A-5-31 and -32.  The State of New Mexico Office of Superintendent of Insurance accepted service on HGS's behalf on January 29, 2021.  **Doc. 4-1.**  HGS received a copy of the complaint and summons from the Superintendent

of Insurance on February 5, 2021. The Superintendent certified that the summons and complaint was served on HGS on January 29, 2021 and received by HGS on February 5, 2021. **Doc. 17-1, Ex. 2**; N.M. Stat. Ann. § 59A-5-32(B) ("Service of process on the insurer shall be complete upon receipt, or, in the event of refusal to accept, the date of such refusal."). Plaintiff has therefore established that Defendant HGS was properly served on February 5, 2021.

Defendants do not argue why the service procedure under NMSA § 59A-5-31 *et al*. does not apply here. They simply assert Defendant HGS were not served until March 2, 2021. Although Plaintiff may have served Defendant HGS *again* to move this case along, Defendants do not explain how this invalidates the first, properly effectuated service. The Court has no basis to believe that service was not properly effectuated pursuant to NMSA § 59A-5-31 *et al.* on February 5, 2021.

### B. Defendant HGS did not join or consent in notice of removal.

Generally, the undersigned takes the position that each defendant must indicate consent in writing, or another person purporting to do so on its behalf must clearly have authority. This generally takes the form of each defendant filing a notice of consent to removal or signing the notice of removal. *Anderson v. City of Albuquerque*, No. 113CV01102JAPACT, 2014 WL 12798371, at *1-2 (D.N.M. Jan. 23, 2014), *cited in Weathers v. Circle K Stores, Inc.*, 434 F. Supp. 3d 1195, 1203 (D.N.M. 2020); *see also Schueller v. Cty. of Valencia*, No. CV 16-01287 SCY/WPL, 2017 WL 3172781, at *2 (D.N.M. May 24, 2017), *citing Todd v. DSN Dealer Service Network, Inc.*, 861 F.Supp. 1531, 1535 (D. Kan. 1994)("[t]here must be a timely filed written indication from each served defendant, or from some person purporting to formally act on his/her behalf and with the authority to do so, that he/she has actually consented to removal."); *Pierce v. Atl. Specialty Ins. Co.*, No. CV 16-829 JAP/KBM, 2017 WL 3190742, at *18 (D.N.M. July 26,

2017)(representation by attorney in notice of removal that all Defendants consented was not sufficient where there was nothing to indicate attorney had authority to represent other defendants), *citing Vasquez v. Americano U.S.A.*, 536 F. Supp. 2d 1253, 1258 (D.N.M. 2008).

Here, Defendant NARS represented in a footnote to the notice of removal that "if and when served, HGS consents to removal to federal court." **Doc. 1 at 6 n.2**. The notice of removal was filed by Defendant NARS and only signed by attorneys for Defendant NARS. There is nothing to suggest therein that Defendant NARS or counsel had authority to consent on Defendant HGS' behalf. This is insufficient to indicate joinder or consent to removal. *Schueller v. Cty. of Valencia*, No. CV 16-01287 SCY/WPL, 2017 WL 3172781, at *3 (D.N.M. May 24, 2017) ("In such circumstances, Mr. Macke's representation that all defendants who had been served consented to removal is insufficient to indicate an independent and unambiguous consent to removal on behalf of Defendant Gallegos."), *citing Vasquez*, 536 F.Supp.2d at 1258 ("It is insufficient for the removing defendant, in its notice of removal, to represent that all other defendants consent to removal."); *Todd*, 861 F.Supp. at 1535 ("There must be a timely filed written indication from each served defendant, or from some person purporting to formally act on his/her behalf and with the authority to do so, that he/she has actually consented to removal.").

Although the same counsel now represents both Defendants, the firm did not enter its appearance for Defendant HGS and did not indicate that it had authorization to represent Defendant HGS, until March 15, 2021. There was nothing on the record to indicate that counsel had authority to act on Defendant HGS' behalf before March 15, 2021, and the Court finds the purported consent in the removal notice inadequate. *See Schueller v. Cty. of Valencia*, No. CV 16-01287 SCY/WPL, 2017 WL 3172781, at *3 (D.N.M. May 24, 2017) (addressing similar consent issue where attorney later entered appearance for both defendants).

**CONCLUSION**

Under the rule of unanimity and 28 U.S.C. § 1446(b), Defendants were required to obtain unanimous consent to remove this case from each served defendant no later than the date on which the last-served Defendants had to file a notice of removal, in order for removal to be effective. Defendant HGS was properly served on February 5, 2021 and had until March 8, 2021 to consent to removal. Defendant HGS did not do so. The Court therefore remands this case to the Fifth Judicial District Court, Eddy County, State of New Mexico, for a procedural defect pursuant to 28 U.S.C. §§ 1446(b) and 1447(c).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (**Doc. 4**) is hereby **GRANTED** for the reasons described in this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Fifth Judicial District Court, Eddy County, State of New Mexico**. The Clerk of Court is hereby directed to take the necessary actions to remand the case.**

**IT IS SO ORDERED.**

**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**